. ———O———

LUTHER C. CHALLISS, Plaintiff in Error, *vs.* OLIVER DAVIS, Defendant in Error.

1. *Injunction—Ferry privilege—Conflicting charters of Missouri & Kansas Legislature.*—In bill to enjoin defendant from ferrying the Missouri River between this State and Kansas, within a certain territory to which plaintiff claimed the exclusive franchise, solely by virtue of the Act passed by this State, Nov. 17th, 1855, demurrer held well taken. *Non Constat,* but that under an Act passed by the Legislature of Kansas, defendant had a similar privilege of ferrying from the opposite shore.

*Error to Buchanan Circuit Court.*

*Ben F. Loan, and Vineyard & Young,* for Plaintiff in Error.

*A. H. Vories,* for Defendant in Error.

SHERWOOD, Judge, delivered the opinion of the court.

This was a proceeding on the part of Challiss to enjoin

Davis from infringing upon the privileges and franchises granted to those under whom Challiss claimed by virtue of "An Act to incorporate a ferry in the county of Buchanan," Approved November 17th, 1855. Section 6, of that Act confers "upon the said Million, Burnes & Brothers, the exclusive right to establish a ferry within two miles of said town of Atchison, Kansas Territory, on the North or Missouri side of said river." And the first section grants to the parties therein named, their heirs or assigns, the right and authority for the space of twenty years from a given date, to keep a public ferry across the Missouri river opposite the town of Atchison, and to have a landing on the north side of said river, upon the land of George M. Million. The petition alleged a compliance with the terms and conditions of the Act of incorporation, and claimed, in consequence of such compliance, that the petitioner was entitled to and had the exclusive right to all the tolls, receipts, profits, &c., belonging to his ferry, for two miles above and two miles below said ferry.

The acts of infringement with which the defendant was charged were in substance; that he had placed a ferry boat at plaintiff's landing and within the space to which plaintiff had the exclusive right, and had been and still was doing the business of a ferryman, crossing and ferrying a great many persons, cords of wood, posts and lumber, etc., the ferriage of which at ordinary rates would annually amount to several thousand dollars; that the damages which were being done by the defendant, and which he threatened still to continue to do, would be irreparable unless he was restrained, &c. The petition concludes with a prayer that defendant may "be enjoined and prohibited from using a ferry boat for any and all purposes, within two miles of the plaintiff's ferry landing in Buchanan county, Missouri, opposite the town of Atchison, in the State of Kansas," and for further relief. The defendant successfully demurred to this petition, alleging, among other grounds, that the same did not state any cause for granting the relief prayed for, and that the defendant never car-

ried any person or thing from the Missouri side of the river, the carrying of which would amount to an infringement of the rights of the plaintiff. Judgment was given on this demurrer and the plaintiff brings his cause here on writ of error.

There is no doubt that the Legislature of this State, could grant exclusive rights and franchises of the character claimed in plaintiff's petition, but it is also equally clear that this Act of incorporation could have no extra-territorial force or validity. The petition makes no showing whatever that the defendant had invaded or threatened to invade any of the privileges or franchises granted to those through whom the plaintiff claimed, under and by virtue of the Act of incorporation referred to. Had the defendant attempted the infraction of any of the privileges granted to those from whom the plaintiff claims as assignee, no hesitation would be felt in asserting that upon such a case, when properly presented, the applicant for relief would be entitled thereto. But no such case is presented here for our consideration. Admitting all the statements of the petition to be true, still it does not appear that any, even the slightest invasion of the privileges granted by this State to the plaintiff has occurred. From all that the petition states to the contrary, the defendant may have been the owner of franchises and privileges of like character and equally as valuable and exclusive as those mentioned in the petition, granted to him by Legislative authority in the State of Kansas, on the *opposite shore.* But at any rate it is not pretended that plaintiff had acquired an exclusive right on the Kansas shore, and consequently the way was open for the defendant to transport by means of his ferry boat, passengers and freight of any description, *from that shore to this,* whenever he deemed proper to do so.

The demurrer was well taken, and the adjudicated cases conclusively show this. (See Conway vs. Taylors' Ex'r, 1 Black, [S. C.] 603, and cases cited; Weld vs. Chapman, 2 Iowa, 524; Sto. Confl. Laws, § 20.)

Judgment affirmed. Judge Vories not sitting; the other judges concur.