STATE OF MISSOURI, Defendant in Error, v. WILLIAM SICKMANN, Plaintiff in Error.

St. Louis Court of Appeals, March 10, 1896.

Ferry License: LIMITATION OF CHARGES FOR TRIP OUTSIDE OF STATE AND RETURN: POWERS OF COUNTY COURTS. In granting a license for the operation of a ferry on the Mississippi river from a point in this state to a point in Illinois, this state may, as a condition to the grant, limit the charge for a round trip, that is, for a trip from the former to the latter point and the return; and the right to grant licenses for ferries being in this state delegated to county courts within the borders of their counties, such courts may also impose such a condition.

*Writ of Error to the New Madrid Circuit Court.*—HON. HENRY C. RILEY, Judge.

AFFIRMED.

*Wilson Cramer* and *R. B. Oliver* for plaintiff in error.

No brief filed for defendant in error.

BIGGS, J.—In 1889 the county court of Mississippi county granted to the defendant a license to operate a

ferry from Greenfield Landing, on the Mississippi river in that county, to the city of Cairo in the state of Illinois. At the time the first license was granted the rates of ferriage were fixed by the county court, as required by law, and the rate fixed for the round trip (that is from Greenfield Landing to Cairo and return) for a single horse and buggy and one person fifty cents, and for each additional person ten cents. The license was thereafter renewed, but no additional order was made concerning the rates. Under section 3862, Revised Statutes, 1889, any owner of a ferry is liable to prosecution and upon conviction to be fined, who shall demand or receive any greater fee for ferriage than that fixed by law. The information here is drawn under that section, and it charged that the defendant demanded and received of the prosecuting witness illegal tolls for crossing on the ferry from Greenfield Landing to Cairo and return, that is, he was compelled to pay for himself and wife and a single horse and buggy $1.20 instead of sixty cents, the regular rate.

The venue of the cause was changed to the circuit court of New Madrid county, where the defendant was tried and convicted. He has brought the case here on writ of error, and complains of the action of the court in giving and refusing instructions and in admitting and rejecting testimony.

There is no dispute under the evidence that the defendant's agents charged the prosecuting witness double toll as alleged, and there is evidence tending to prove that the defendant authorized it; but the argument is made that the ferry franchise granted to the defendant must be confined to transit from the shore of the river in this state, and hence the attempt by the county court to establish a rate of ferriage for the round trip was unauthorized. The point was made

below by an instruction which the court refused. The first part of the principle stated has been applied, where the exclusive right of ferriage has been granted by one state and the river divides that state from another. Under such circumstances it is held that the exclusive privilege can only be extended to and embrace the transportation of freight or passengers *from* the state granting the license. *Challiss v. Davis*, 56 Mo. 25; *Conway v. Taylor's Ex.*, 66 U. S. 603. Counsel do not make it plain to us how the first part of the principle can apply to and govern the second part. A ferry license is a privilege of highway, and the right to grant such a franchise belongs to the state and is possessed without restriction or limitation. It may be granted or withheld, and the right to prohibit undoubtedly carries with it the right to impose conditions. In this state this right is vested by statute in the county courts (acting within the borders of their respective counties) and the duty of fixing the rate of ferriage is imposed on them. Chap. 66, R. S. 1889. In the exercise of these powers the statute makes no restrictions. Of course, the county court of Mississippi county would have no power to regulate the rate of ferriage *from* Cairo to Greenfield Landing, but we think it did have the right to make round trip rates, and the defendant must conform to them whenever demanded by patrons of the ferry on the Missouri side of the river. If these conditions were too onerous or for any reason could not be complied with, the defendant ought not to have accepted the franchise.

The point is also made that the rates of ferriage should have been fixed for each year. We know of no law requiring this to be done, and we can not imagine the necessity for such a thing. When the defendant first obtained his license in 1889, the rates were fixed, and, as no changes were made, there could possibly

be no reason for renewal of the order on each renewal of the license.

With the concurrence of the other judges the judgment of the circuit court will be affirmed. It is so ordered. All concur.